Independent Bridge Co. et al. *v*. Aetna Casualty
and Surety Co., Appellant.

Argued April 19, 1934.

Before Trexler, P. J., Keller,
Baldrige, Stadtfeld, Parker and James, JJ.

*E. C. Higbee,* and with him *Edwin W. Smith, John C. Bane, Jr., Higbee, Matthews & Lewellyn,* and *Reed, Smith, Shaw & McClay,* for appellant.

*T. L. Morgan,* for appellees.

OPINION BY JAMES, J., October 3, 1934:

The present case involves a suit for materials furnished by the plaintiffs to H. B. Mish Company, a subcontractor, in the erection of the substructure and bridge approaches under the same contract and surety bond which are involved in the suit of Independent Bridge Co. to use of R. E. Jackson, against the present appellant, in which case an opinion has this day been filed.

At the trial it was not disputed by the defendant that the items claimed had been furnished to the contractor and that the charges were proper but contended none of the items except for sewer pipe and hauling could be recovered. The court below directed a verdict for the full amount claimed, less rental for a concrete mixer, and subsequently denied motions for a new trial and judgment n. o. v. From the judgment entered on the verdict, this appeal was taken and appellant raises the same question as in the Jackson case.

The materials were delivered from May 22, 1925 to January 1, 1926 and consisted largely of roofing, sheeting, plank, nails, windows, sash, doors, etc. The testimony submitted by plaintiff relating to the use that was made of these materials in the construction of the contract was vague and indefinite; in fact, plaintiff made no effort to establish definite proof of their use, apparently relying upon the broad ground that the surety was liable for any material delivered on the ground to the contractor. The most specific testimony was that the lumber was used for forms, what forms does not appear; that windows, door, sash

and hardware were used in a shanty used as an office; and sewer pipe used some place about the bridge. Other items were mentioned but not definitely enough to establish their use in the construction of the contract.

In construing the same provision of the bond in the Jackson case, supra, we held that the surety was liable if the materials were furnished in the performance of the work specifically called for under the contract. In the present case the plaintiff has failed to sufficiently establish that all the materials were used in performing the work as called for under the terms of the contract.

We shall not attempt to separate those items that may have been sufficiently established and in view of the fact that the case was tried on an improper theory we believe the interest of all parties will be best served by the granting of a new trial, where plaintiff may be afforded an opportunity to produce the proof which we believe to be necessary under the terms of the bond.

The judgment is reversed with a venire facias de novo.